ERIC GRANT
United States Attorney
DENISE N. YASINOW
MATTHEW THUESEN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:25-cr-146 WBS-1 |
|---|---|
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; PROTECTIVE ORDER |
| v. | |
| HECTOR PEREZ, | |
| Defendant. | |

## I.  STIPULATION

1. Plaintiff United States of America ("government"), by and through its counsel of record, and defendant Hector Perez ("defendant"), by and through his new counsel of record[1] (collectively, the "parties"), for the reasons set forth below, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials containing personal identifying information ("PII") of real persons and other confidential information of victims, witnesses, and third parties.

2. As part of its investigation in this case, the government is in possession of materials relating to the charges against the defendant, including bank records, business records, emails, and account information, and other evidence that contains PII and other confidential information for real

---

[1] On August 14, 2025, Candice L. Fields substituted in as counsel of record for Hector Perez. ECF 23.

STIPULATION AND PROTECTIVE ORDER    1

1 persons, including, among other things, personal names, addresses, Social Security numbers, and dates
2 of birth. These real persons include victims, witnesses, and/or third parties to this case. The government
3 seeks to provide these materials to counsel for the defendant.

4       3.      The purpose of the proposed Protective Order is to prevent the unauthorized
5 dissemination, distribution, or use of materials containing the PII and confidential information of others.
6 If this information is disclosed without protective measures, or to the defendant without limitation, it
7 could risk the privacy and security of the people to whom the information relates. The information could
8 itself be used to further criminal activity if improperly disclosed or used. The United States has ongoing
9 statutory and ethical obligations to protect victims.

10       4.      Due to the nature of this case, including the financial, business, and personal records
11 involved, PII makes up a significant part of the discovery materials, and this information in many
12 instances has evidentiary value itself. The large quantity of privacy-protected information would be
13 difficult or time-consuming to redact. Further, if the government were to attempt to redact all this
14 information, the defense would receive a set of discovery that may be confusing and difficult to
15 understand and could inhibit prompt and just resolution of the case.

16       5.      Accordingly, the parties jointly request a Protective Order that will permit the
17 government to produce discovery that is unredacted, but preserves the privacy and security of victims,
18 witness, and third parties. The parties agree that the following conditions, if ordered by the Court in the
19 proposed Protective Order, will serve the government's interest in maintaining the privacy and security
20 of victims and third parties, while permitting the Defense Team to understand the United States'
21 evidence against the defendants.

22       6.      This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of
23 Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

24                     **II.**      **PROPOSED PROTECTIVE ORDER**

25       **A.**      **Protected Materials**

26       7.      This Order pertains to all discovery provided or made available to defense counsel in this
27 case that is identified as subject to the Protective Order (hereafter, collectively "Protected Materials").

28       8.      For purposes of the Protective Order, the term "Personal Identifying Information" ("PII")

includes any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7), other than names, or any information within the definition of an "access device" under 18 U.S.C. § 1029(e)(1).

9. To the extent that notes are made that memorialize, in whole or in part, the PII in any Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

**B.   Defense Team**

10. For purposes of this Order, the term "Defense Counsel" refers to the defendant's counsel of record.

11. For purposes of this Order, the term "Defense Team" refers to (1) the defendant's counsel of record, (2) other attorneys at defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case. The term "Defense Team" does not include defendant, the defendant's family, or other associates of the defendant.

12. Defense Counsel must provide a copy of this Order to all members of the Defense Team. Defense Counsel must obtain written acknowledgement from members of the Defense Team that they are bound by the terms and conditions of this Protective Order, prior to providing any Protected Materials to the members of the Defense Team. The written acknowledgement need not be disclosed or produced to the United States unless ordered by the Court.

**C.   Disclosure of Protected Materials**

13. No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case. All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial, post-trial, and appellate proceedings (both direct and collateral) and in this criminal action for no other purposes whatsoever and shall not be used for the economic or other benefit of the defendant, or any

1  third party. Protected Materials may be disclosed only to the categories of persons and under the
2  conditions described in this Order.

3    14.   The defendant may review Protected Materials in this case only in the presence of a
4  member of the Defense Team, and his Defense Counsel shall ensure that the defendant is never left
5  alone with any Protected Information. The defendant may not copy, keep, maintain, or otherwise possess
6  any of such Protected Materials at any time. The defendant must return any Protected Materials to the
7  Defense Team at the conclusion of any meeting at which the defendant reviews the Protected Materials.
8  Defendant may not take any Protected Materials out of the room in which he is meeting with the
9  Defense Team. Defendant may not write down or memorialize any PII contained in the Protected
10 Materials. At the conclusion of any meeting with defendant, the member of the Defense Team present
11 shall take with him or her all Protected Materials. At no time, under any circumstances, will any
12 Protected Materials be left in the possession, custody, or control of the defendant, whether he is
13 incarcerated, except as provided below in Paragraphs 15 and 26.

14   15.   If, during the pendency of the case, the defendant requests a copy of the Protected
15 Materials from Defense Counsel, Defense Counsel may provide a copy of the Protected Materials to the
16 defendant if Defense Counsel ensures that all PII contained in the Protected Materials is fully redacted
17 and the copy bears the inscription as described in Paragraph 22. If Defense Counsel provides a redacted
18 copy to the defendant subject to these conditions, Defense Counsel or a member of the Defense Team
19 must contemporaneously memorialize in writing that it has fully redacted PII from the Protected
20 Materials and complied with this Order. This written certification need not be disclosed or produced to
21 the United States unless ordered by the Court. If at any time Defense Counsel provides Protected
22 Materials to the defendant, Defense Counsel must also provide a copy of this Order and advise the
23 defendant that he is bound by the terms of this Order, including the restrictions on use of Protected
24 Materials pursuant to Paragraph 13. Notwithstanding the above, defense counsel may not release
25 custody of any of the following to the defendant: reports of witness statements, written witness
26 statements, search warrant affidavits, and tax records

27   16.   The Defense Team may review Protected Materials with a witness or potential witness in
28 this case, including the defendant, subject to the requirement above that a member of the Defense Team

STIPULATION AND PROTECTIVE ORDER      4

must be present if Protected Materials are being shown to the defendant. Before being shown any portion of the Protected Materials, however, any witness or potential witness, including the defendant, must be informed of the existence of the Protective Order and given a copy of the Protective Order. No witness or potential witness may retain Protected Materials, or any copy thereof, after his or her review of those materials with the Defense Team is complete.

17. This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

18. Defense Counsel shall advise the United States with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, in order that the United States may take action to resist or comply with such demands as it may deem appropriate.

D. **Ensuring Security of Protected Materials**

19. The Defense Team shall maintain the Protected Materials safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office, or otherwise secure facility where visitors are not left unescorted.

20. A copy of the Protective Order must be stored with the discovery, in paper form and electronically.

21. To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected or encrypted storage medium, including a password-protected computer, or device. Encryption keys must be stored securely and not written on the storage media that they unlock.

22. If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-SUBJECT TO PROTECTIVE ORDER." For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked

with the above notation.

### E. Filings

23. If a party needs to file Protected Materials containing PII, or materials otherwise identified as containing confidential information of victims, witnesses, or third parties with the Court, or disclose PII in court filings, the filing should be made under seal as provided for by the local rules. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact the PII or confidential materials and make all reasonable attempts to limit the divulging of PII or confidential materials.

### F. Conclusion of Prosecution

24. The provisions of this Order shall not terminate at the conclusion of this prosecution. All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

25. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Protected Materials to the government, or certify in writing that the Protected Materials have been destroyed. If any Protected Materials are used as defense exhibits, they shall be maintained with government exhibits so long as those are required to be maintained.

26. If, upon final disposition of the case, defendant requests a copy of the Protected Materials from Defense Counsel, Defense Counsel may provide a copy of the Protected Materials to the defendant if Defense Counsel ensures that all PII contained in the Protected Materials is fully redacted and the copy bears the inscription as described in Paragraph 22. If Defense Counsel provides a redacted copy to the defendant subject to the above conditions, Defense Counsel or a member of the Defense Team must contemporaneously attest in writing that it has fully redacted PII from the Protected Materials and complied with this Order. This written certification need not be disclosed or produced to the United States unless ordered by the Court.

### G. Termination or Substitution of Counsel

27. If there is a substitution of counsel before final disposition of the case, new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become Defense Counsel for purposes of this Protective Order, and become the Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in Paragraph 26 above. All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

### H. Modification of Order

28. Nothing in this Order shall prevent any party from seeking modification to the Order or from objecting to discovery it otherwise believes to be improper. Nothing in this Order shall prevent any party from seeking a more restrictive protective order regarding particular discovery items.

### I. Violation of Order

29. Any person who willfully violates this Order may be held in contempt of court and maybe subject to monetary of other sanctions as deemed appropriate by the Court. This provision does not expand or narrow the Court's contempt powers.

### J. Redactions

30. Nothing in this Order shall prevent the United States from redacting personal identifying information or other confidential information in any of the protected discovery related to the identity of cooperators and informants.

//
//
//
//
//
//
//

**K.    Application of Laws**

31.    Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

32.    Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

IT IS SO STIPULATED

Dated:  August 20, 2025                ERIC GRANT
                                       United States Attorney

                                 By:   /s/ MATTHEW THUESEN
                                       DENISE N. YASINOW
                                       MATTHEW THUESEN
                                       Assistant United States Attorneys

Dated:  August 20, 2025          By:   /s/ CANDICE L. FIELDS
                                       CANDICE L. FIELDS
                                       Counsel for Defendant
                                       HECTOR PEREZ

**FINDINGS AND ORDER**

The Court having read and considered the Stipulation and Joint Request for Protective Order, which this Court incorporates by reference into this Order in full, hereby finds that good cause exists to enter the above Order.

IT IS SO FOUND AND ORDERED.

Dated:  August 25, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE